UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1999A20316 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Raymond L. Holland | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Washtenaw County, Michigan within the jurisdiction of this Court and may be served with service of process at 426 Hawkins Street, Ypsilanti, Michigan 48197.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,834.41 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,135.53 |
| C. Administrative Fee, Costs, Penalties | $8.02 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |

| | |
|---|---|
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$7,977.96** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Raymond L. Holland
818 Madison
Ypsilanti, MI 48197

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 01/08/99.

On or about 10/27/87, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Merchants National Bank Of Topeka at 8 percent interest per annum. This loan obligation was guaranteed by Nebraska Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $13.13 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 12/13/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,834.41 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 05/04/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,834.41 |
| Interest: | $ 2,069.54 |
| Administrative/Collection Costs: | $ 8.02 |
| Late fees: | $0.00 |
| Total debt as of 01/08/99: | $ 4,911.97 |

Interest accrues on the principal shown here at the rate of .62 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 1/13/99     Name: _____
Title: Loan Analyst
Branch: Litigation Branch

88298-08 RECEIVED NOV 0 2 1987 GSL

## NSLP — Nebraska Student Loan Program Application/Promissory Note

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097.

### SECTION I — TO BE COMPLETED BY STUDENT BORROWER
Type or print clearly with a ballpoint pen. Read the instructions carefully.

1. Social Security Number: ___
2. Last Name: Holland  First: Raymond  M.I.: L
3. Birth Date (Mo./Day/Yr.): ___
4. Home Area Code/Telephone Number: (313) 482-8287
5. Permanent Home Address: 818 Madison, Ypsilanti, Michigan 48197
6. U.S. Citizenship Status: ☒ (a) U.S. Citizen
7. Driver's License Number / State: ___
8. State of Legal Residence: MI  Since: 7/64
9. Have you ever defaulted on an educational loan? ☐ Yes ☒ No
10. Requested Loan Amount: $2608
11. Enrollment: ☒ Full-time
12. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? ☐ Yes ☒ No
13. What period do you want this loan to cover? From 10/87 To 4/88
14. While in School, You Intend to Live: ☒ Off Campus  Address: SAME
15. Major: 9
16. Do you have any outstanding GSL, FISL, PLUS, SLS, ALAS debts? ☐ Yes ☒ No  Name of Lender: NONE

17. (a) Endorser (if any), Parent or Guardian: Name: Lucille Lewis  Address: 818 Madison  City, State, ZIP: Ypsilanti, Mich 48197
(b) Adult Relative, Friend or Separated Parent: Name: Joe Lewis  Address: 321 2Ave
(c) Other Adult Relative or Friend: Name: Cathy Holland  Address: 410 Monroe, Ypsilanti, Mich

18a. Signature of Borrower: Raymond L Holland  Date: 10/17/87

### SECTION II — TO BE COMPLETED BY SCHOOL
19. Name of School: USA TRAINING ACADEMY, INC.
21. School Code: 012262
22. Address: 955 SOUTH CHAPEL STREET, NEWARK DE 19714
23. Area Code/Telephone Number: (302) 731-1555
24A. Loan Period: From 10/01/87 To 04/30/88
24B. Loan Period Covers: 610 Clock Hours
25. Borrower Grade Level: Correspondence ☒
26. Dependency Status: ☒ Dependent
27. Anticipated Graduation Date: 04/30/88
28. Estimated Cost of Education: $4778
29. Estimated Financial Aid: $983
30. Expected Family Contribution: $345
31. Difference: $3450
32. Amount School Approves: $3450
33. Signature of School Official: ___  Date: 10/30/87  Print Name & Title: DAVID G. CROSS, F.A.O.
34. Suggested Disbursement Dates: 2. ASAP

### SECTION III — TO BE COMPLETED BY LENDER
35. Name of Lender: MERCHANTS NATIONAL BANK OF TOPEKA C/O LOAN PROCESSING CENTER
38. Address: P.O. BOX 6961  City: LINCOLN  State: NE  ZIP: 68506
40. Signature of Authorized Lending Official: Sharon Boyer
41. Lender Code: 804725
42. Print or Type Name and Title: Sharon Boyer, Student Loans
43. Date: 11/02/87

**Promissory Note (continued from Application/Promissory Note)**

B. **Date Note Becomes Due:** I will repay this loan in periodic installments during a repayment period that will begin no later than the day after the last day of my grace period. My grace period that period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period however, I may request that my repayment period begin on an earlier date.

C. **Interest:** I agree to pay an amount equivalent to simple interest on the unpaid balance of my loan from the date it is advanced to me until it is paid in full. The Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any deferment period, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the GSL Program. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may however, choose to pay this interest myself. Once the repayment period begins I will be responsible for payment of all the interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period of deferment described under DEFERMENT in the Borrower's Rights and Responsibilities. The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations of the guarantor governing the GSL Program. All payments will be made to your address as set forth in Paragraph A.

D. **The Guarantee Fee:** If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. The lender will deduct this premium proportionately from each disbursement of principal on this loan.

**The Origination Fee:** If required to do so by the lender, I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. The lender may deduct this fee from the proceeds of the loan.

E. **Default and Acceleration:** Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Secretary or the NSLP finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for (1) 180 days for a loan repayable in monthly installments; or (2) 240 days for a loan repayable in less frequent installments. If I default on this loan, (1) the lender may declare the entire unpaid amount of the loan including interest, immediately due and payable; (2) the lender, holder or NSLP may disclose to schools I have attended (or am currently attending) information about the default; (3) I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Perkins Loan (formerly called National Direct Student Loan), Guaranteed Student Loans, Supplemental Student Loans, PLUS Loans or Consolidation Loans; and (4) I will be ineligible for the benefits described under Deferment and Interest in this Promissory Note.

F. **Collection Costs, Late Charges:** If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs - including attorney's fees - that are permitted by Federal law and regulations for the collection of these amounts. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid principal and accrued interest. If permitted by State law, the lender may collect from me a late charge if I fail to pay all or part of a required installment payment within 10 days after it is due or if I fail to provide written evidence that verifies my eligibility to have the payment deferred as described under Deferment in this Promissory Note. A late charge may not exceed 6 cents for each dollar of each late installment.

G. **Prepayment:** I may, at my option and without penalty, prepay all or any part of the principal of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

H. **Additional Agreements:** (1) The proceeds of this loan will be used only for educational expenses at the school listed on my Application/Promissory Note. (2) Any notice required to be given to me, including my Disclosure Statement, will be effective when mailed to the latest address you have for me. No separate notice is required for any endorser. (3) Your failure to enforce or insist that I comply with any terms of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing. (4) If NSLP is required under its guarantee to repay my loan(s) because I have defaulted, NSLP will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. (5) This loan will be cancelled if I die or become totally or permanently disabled. (6) In this Note, the words you, your and yours mean the lender or any other holder of this Note. (7) The endorser, if any, signs the Promissory Note in the capacity of an endorser within the meaning of the Uniform Commercial Code. The endorser hereby waives demand, presentment for payment, notice of nonpayment, protest, and notice of protest, and acknowledges and agrees that the lender has expressly reserved its rights against the endorser notwithstanding any deferment in accordance with Section I of this Promissory Note or modification of repayment terms

I. **Deferment:** You will let me pay interest only, if such interest is not paid by the ... in default, and I can provide you with written evidence that I qualify for a ... condition entitling me to the deferment no longer exists. I will contact NSLP ...

J. **Repayment:** ...

K. **Credit Bureau Notification:** ...

L. **Borrower Rights and Responsibilities:** Before signing this Promissory Note, re...

M. **Transfer of Note:** This Note may be transferred to a holder other than the l... of any such transfer in writing.

**Borrower Certification**

I declare under penalty of perjury under the laws of the United States of America application is true, complete and correct to the best of my knowledge and be... up to the amount of this loan. I further authorize any school that I may atte... and to redisclose to other educational institutions for any purpose permitted other aspects of my student loan borrowing history). I certify that the procee... by this application at the school named in Section II. I understand that I m... expenses related to attendance in that school for the loan period stated in It... (P.L. 89-329) as amended, will not exceed the allowable maximums. I further State Student Incentive Grant that I received to attend any school and am n... Federally Insured Student Loan, PLUS Loan, SLS Loan, or an ALAS Loan for... loan, in full, or in part, made payable to me, or at the lender's option, jointly ... of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Disclosure Statement that identifies my loan pertinent to my loan(s). I understand and agree that if the information on t... Disclosure Statement applies.

**School Certification**

I hereby certify that the student named in Section I is accepted for enrollmen... determined to be eligible for the Guaranteed Student Loan Program. I furth... enrollment in a degree or certificate program. Based on records available to... Title IV of the Higher Education Act of 1965, as amended, for attendance at ... knowledge and belief. I certify that, based upon records available at this institution this student has satisfied the requirements under the Selective Service Act necessary to receive financial further c...

---

**AFFIX TO BACK OF PROMISSORY NOTE**

Pay to the order of NSLP, Nebraska Student Loan Program, Inc., without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is in compliance with the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and NSLP, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by NSLP.
   c) Warrants that to the extent it has knowledge of any insolvency proceeding it has disclosed the same to NSLP.

2. Acknowledges that:
   a) upon payment in full by NSLP of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, NSLP will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by NSLP of the undersigned's claim and acceptance by NSLP of transfer of this instrument in consideration thereof, NSLP has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

_Louise Stocklein_
SIGNATURE

8-23-89
TITLE                    DATE

2M 5-88

---

HOLLAND, RAYMOND J
CLTM NU 1993050179586 05-04-93